JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Alan Gochin

**(b)** County of Residence of First Listed Plaintiff: Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Donald R. Reavey, Esquire   (717) 233-4101
Capozzi Adler, P.C.
2933 North Front Street, Harrisburg, PA 17110

## DEFENDANTS
Dollar Financial Group Retirement Plan and
Dollar Financial Group, Inc.

County of Residence of First Listed Defendant: Chester County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☒ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 1024(b)(4) and Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(B)
Brief description of cause:
Failure to comply with written request for documents from Plan Administrator

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 05/11/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ALAN GOCHIN

    Plaintiff,

vs.

DOLLAR FINANCIAL GROUP
RETIREMENT PLAN and

DOLLAR FINANCIAL GROUP, INC.

    Defendants.

Civil Action at Law and Equity
No:

## COMPLAINT

AND NOW COMES, Plaintiff, ALAN GOCHIN by and through his Counsel and for his Complaint at Law and Equity against the above named Defendants states as follows:

## PRELIMINARY STATEMENT

1. Section 104(b)(4) of the Employee Retirement Income Security Act ("ERISA") provides that the plan administrator must, "upon written request of any participant or beneficiary, furnish a copy of . . . instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Further, ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(B), as supplemented by current Federal Regulations, provides that if the administrator fails to comply with such a request within 30 days, the court is authorized to award damages to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal, or order other such relief as the court deems proper. Plaintiff, as a participant, attempted to gather 401(k) plan information related to the Dollar Financial Group Retirement Plan. For many months, Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar

Financial Group Retirement, Plan has failed or refused to comply with Plaintiffs' written demands for various documents under which the 401(k) plan is established, operated or administered.

## JURISDICTION AND VENUE

2. The allegations of the above paragraphs are incorporated herein by reference as if set forth at length.

3. The Court has jurisdiction of the claims for relief based upon the civil enforcement provisions of ERISA, 29 U.S.C. §§ 1132(a)(1)(A), 1132(a)(2), 1132(a)(3), 1132(e)(1) and 1132(f), and upon 28 U.S.C. §§ 1331.

4. Relief is also sought under 28 U.S.C. §§ 2201 and 2202, granting any district court of the United States, in a case of actual controversy within its jurisdiction, the power to declare the rights and other legal relations of any interested party seeking such declaration and to grant further necessary or proper relief based upon a declaratory judgment or decree.

5. Venue of this action lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2), in that the acts complained of herein occurred within this District, the subject 401(k) benefit plan is administered in this District and Plaintiff is a resident of this District.

## THE PARTIES

6. The allegations of the above paragraphs are incorporated herein by reference as if set forth at length.

7. The Plaintiff, Alan Gochin, is a United States citizen and a resident of Hatfield, Pennsylvania located in Montgomery County and is a "participant," as defined by ERISA § 3(7),

29 U.S.C. § 1002(7) of the Dollar Financial Group Retirement Plan.

8. The Dollar Financial Group Retirement Plan is an "employee pension benefit plan" pursuant to ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The plan is named as a party defendant pursuant to Rule 19(a), Fed.R.Civ.P.

9. Dollar Financial Group, Inc., is, pursuant to ERISA §§ 3(21) and 3(16), 29 U.S.C. §§ 1002(21) and 1002(16), the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan. Dollar Financial Group, Inc. administers the Dollar Financial Group Retirement Plan within this District at 74 East Swedesford Road, Malvern, Chester County, Pennsylvania.

10. At all times mentioned herein, various unnamed Dollar Financial Group, Inc. employees, in-house counsel and outside counsel were Dollar Financial Group, Inc.'s agents and said defendant has ratified and approved the acts of its agents.

## FACTS

11. The allegations of the above paragraphs are incorporated herein by reference as if set forth at length.

12. By Letter dated October 30, 2017, Mr. Gochin, thought his Counsel, Capozzi Adler, P.C., requested from Dollar Financial Group, Inc. copies of all relevant plan documents, which included, the Summary Plan Description (SPD) in effect for 2010 through 2017, Plan Summary Annual Report for 2010-2017, Complete Annual Report for 2010-2017, 408(b)2 disclosure notices from Plan providers and Statement of Assets for the Plan. A true and correct copy of the October 30, 2017 Correspondence with personal information redacted is attached hereto as Exhibit "A."

13. By Letter dated December 11, 2017, Mr. Gochin, through his Counsel, Capozzi Adler, P.C., requested additional plan documents which included 408(b)2 disclosure notices from Plan

providers, Current Statement of Assets of the Plan, a list of ticker symbols for the specific funds in which the plan invests, the dollar amount invested in each specific fund and minutes of meetings between the Plan Administrator and any/all other persons discussing investments and the status of any such meeting. A true and correct copy of the December 11, 2017 Correspondence is attached hereto as Exhibit "B."

14. To date, Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, refused to produce a complete set of these documents claiming, among other things, that the documents were not required to be disclosed under ERISA Section 104(b)(4), 29 U.S.C. § 1024(b)(4).

15. 30 days has passed since the documents detailed above had been requested and pursuant to ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(B), Plaintiff is now entitled to bring this civil enforcement action against Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, for its failure to comply with his request. Pursuant to ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(B), this Honorable Court is authorized to award damages to such participant or beneficiary in the amount of up to $110 a day 30 days from October 30, 2017 and/or December 11, 2017, respectively, as the case may be, for its failure or refusal or order other such relief as the court deems proper.

**FIRST CLAIM FOR RELIEF**
**(Against Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, to Recover Penalty for Failure to Provide Requested Plan Documents)**

16. The allegations of the above paragraphs are incorporated herein by reference as if set forth at length.

17. ERISA Section 104(b)(4), 29 U.S.C. § 1024(b)(4), requires Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, to

honor within 30 days a written request of any participant or beneficiary for a copy of any "instrument under which the [employee benefit plan and trust] is established or operated." Said defendants did not fully comply with Plaintiff's ERISA document requests.

18. Plaintiff requested production of the Dollar Financial Group Retirement Plan's Summary Plan Description (SPD) in effect for 2010 through 2017, Plan Summary Annual Report for 2010-2017, Complete Annual Report for 2010-2017, 408(b)2 disclosure notices from Plan providers and Statement of Assets for the Plan, 408(b)2 disclosure notices from Plan providers, Current Statement of Assets of the Plan, a list of ticker symbols for the specific funds in which the plan invests, the dollar amount invested in each specific fund and minutes of meetings between the Plan Administrator and any/all other persons discussing investments and the status of any such meetings because those documents constitute an "instrument" under which the 401(k) plan is "established or operated," within the meaning of ERISA Section 104(b)(4).

19. Despite Plaintiff's written requests, Defendant, Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, in bad faith, refused and continues to refuse to provide Plaintiffs a complete set of the documents requested.

20. The refusal of Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, to fully comply with ERISA Section 104(b)(4) document requests has prejudiced Plaintiff's effort to police his 401(k) and to guard against breaches of fiduciary duty.

21. ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), in view of applicable current federal regulations, provides for penalties of up to $110 a day against a plan administrator

personally for the administrator's "failure or refusal" to provide any of the plan documents the administrator is required by law to provide to participants and beneficiaries.

22.     Pursuant to ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), this Court should assess penalties up to $110 a day against Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, for its failure or refusal to provide Plaintiff's requested documents and instruments under which the 401(k) plan are established or operated.

23.     As of this filing date, each Defendant is liable to Plaintiff for a civil penalty of $110 per day commencing thirty days after October 30, 2017 and/or December 11, 2017, respectively, as the case may be.

**SECOND CLAIM FOR RELIEF**
(Against Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, For Breach of Fiduciary Duty for Refusal to Disclose 401(k) Plan Related Information)

24.     The allegations of the above paragraphs are incorporated herein by reference as if set forth at length.

25.     Despite Plaintiff's written requests of October 30, 2017 and December 11, 2017, Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, refuses and continues to refuse to provide Plaintiff 401(k) plan related information. Plaintiff has not received a complete set of documents responsive to the following items: the Summary Plan Description (SPD) in effect for 2010 through 2017, Plan Summary Annual Report for 2010-2017, Complete Annual Report for 2010-2017, 408(b)2 disclosure notices from Plan providers and Statement of Assets for the Plan, 408(b)2 disclosure notices from Plan providers, Current Statement of Assets of the Plan, a list of ticker symbols for the

specific funds in which the plan invests, the dollar amount invested in each specific fund and minutes of meetings between the Plan Administrator and any/all other persons discussing investments and the status of any such meeting.

26. With respect to some of the requests made by Plaintiff, said defendants sole stated reason for refusing to provide Plaintiff the information and documents was that Section 104(b) of ERISA does not require that they be provided.

27. ERISA Section 104(b), 29 U.S.C. Section 1024(b)(4), does not limit or foreclose plan participants from obtaining from 401(k) plan administrators documents and related information in addition to those matters specifically listed in the statutory provision. It was imprudent for said defendants to refuse to provide Plaintiff the requested information and documents solely because it is not specifically required under that statutory provision.

28. The failure or refusal of Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, to make requested disclosures and produce documents prejudices Plaintiff's effort to police his 401k plan and to guard against breaches of fiduciary duty.

29. By not producing requested documents and disclosing requested information, Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, violated their respective fiduciary duties under ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1) which statutory provision mandates fiduciaries act in the best interests of plan participants.

30. Pursuant to ERISA Section 502(a)(3), 29 U.S.C. Section 1132(a)(3), Plaintiff asks this Honorable Court to grant appropriate equitable relief including injunctive relief ordering Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, to disclose the information and produce the documents it has in its

possession that is responsive to Plaintiff's request for information enumerated above as set forth in their October 30, 2017 and/or December 11, 2017 demand letters.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Alan Gochin, seeks orders and judgments against Defendants as follows:

A.      Pursuant to ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), grant Plaintiff a judgment assessing penalties against Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, based upon the maximum $110 per diem rate for failure to comply within 30 days after his October 30, 2017 and December 11, 2017 demand letters for production of documents, including instruments and other documents under which Dollar Financial Group Retirement Plan's 401(k) plan is established or operated;

B.      Declare that Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, when refusing to provide Plaintiff the requested documents and 401(k) related information not specifically listed as required disclosures under ERISA Section 104(b)(4), failed to discharge fiduciary duties to act solely in the interests of the participants and beneficiaries, as required by ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1);

C.      Grant Plaintiff such other and further appropriate equitable relief allowable under ERISA §§ 502(a)(3), as the Court deems just and proper, including injunctive orders directing Dollar Financial Group, Inc., as the named "fiduciary" and "administrator" of the Dollar Financial Group Retirement Plan, to forthwith disclose the 401(k) plan information and produce

the documents requested in his October 30, 2017 and December 11, 2017 written demand letters;

Respectfully submitted,
**CAPOZZI ADLER, P.C.**

Date: 5/11/18

_____
Donald R. Reavey, Esquire
Attorney ID No. 82498
2933 North Front Street
Harrisburg, PA 17110
donr@capozziadler.com
(717) 233-4101
Fax (717) 233-4103

<u>Name and Address of Plaintiff</u>

Alan Gochin
2101 Keystone Drive
Hatfield, PA 19440

Exhibit "A"



Louis J. Capozzi, Jr., Esquire*
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Craig I. Adler, Esquire**
Andrew R. Eisemann, Esquire***
Glenn A. Parno, Esquire**
Bruce G. Baron, Esquire
Brandon S. Williams, Esquire
Nicholas J. Luciano, Esquire
Joseph J. Gentile, Esquire****
Garrett Rothman, Esquire, of Counsel
Timothy Ziegler, Sr. Reimb. Analyst
Karen L. Fisher, Paralegal
Linda Gussler, Paralegal
Kelly A. Birdsall, Paralegal
*(Licensed in PA, NJ and MD)
**(Licensed in PA and NJ)
***(Licensed in PA and NY)
****(Licensed in PA, NJ and CA)

# Capozzi Adler, P.C.
### Attorneys at Law

**Primary Office:**
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
www.capozziadler.com

**Mid-Penn Abstract Company**
355 N. 21st Street, Suite 205
Camp Hill, PA 17011
Telephone: (717) 234-3289
Facsimile: (717) 234-1670

October 30, 2017

***Via U.S. Certified Mail***
Plan Administrator
Dollar Financial Group Retirement Plan
c/o Dollar Financial Group, Inc.
74 East Swedesford Road
Malvern, PA 19355

   Re: Request for 401(K) Plan Document
      Our Matter No. 641-17

Dear Sir or Madam:

  Please find enclosed herewith a request for a copy of the 401(K) plan documents submitted on behalf of our client, Alan Gochin. As stated on the attached Request, copies of all documents responsive to the request should be sent to the following address:

    c/o Capozzi Adler, PC
    2933 North Front Street
    Harrisburg, PA 17110-1250

  Should have any questions regarding this request or need any additional information to process same, please do not hesitate to contact me.

                  Sincerely,

                  Glenn A. Parno, Esquire

cc: Enclosure



# REQUEST FOR 401(K) PLAN DOCUMENTS

October 2, 2017

TO: PLAN ADMINISTRATOR
DOLLAR FINANCIAL GROUP RETIREMENT PLAN
C/O USI GROUP, 1436 LANCASTER AVENUE (SUITE 310), BERWYN, PA 19312-1288

FROM: ALAN GOCHIN, 2101 KEYSTONE DRIVE, HATFIELD, PA 19440
(SSN: ███████ )

Pursuant to my rights as a Plan Participant under ERISA, please provide me with copies of the following Plan Documents:

1. Summary Plan Description (SPD) in effect for 2010-2017.
2. Plan Summary Annual Report for 2010-2017.
3. Complete Plan Annual Report for 2010-2017.
4. FORM 408 B2.
5. Statement of Assets for the Plan.

Please advise if there are any copying fees for these documents.

Please send the requested copies to me in care of: Capozzi Adler, P.C., 2933 North Front Street, Harrisburg, PA 17110-1250.

Very truly yours,

_____
ALAN GOCHIN

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X [signature]  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name) John Walton   C. Date of Delivery 11-1-17<br>D. Is delivery address different from item 1? ☐ Yes  ☐ No |
| 1. Article Addressed to:<br>Plan Administrator<br>Dollar Financial Group Retirement Plan<br>c/o Dollar Financial Gp Inc<br>74 East Swedesford Road<br>Malvern, Pa 19355<br><br>9590 9402 2801 7069 7650 41 | [NOV 2 2017 postmark]<br>3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>■ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>■ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7017 0660 0000 9743 9801 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053                              Domestic Return Receipt



USPS TRACKING #

9590 9402 2801 7069 7650 41

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States Postal Service

RECEIVED NOV 0 6 2017

Sender: Please print your name, address, and ZIP+4® in this box

Capozzi Adler, P.C.
2933 North Front Street
Harrisburg PA 17110

Att: Karen Fister  6-1-17

Exhibit "B"

Louis J. Capozzi, Jr., Esquire*
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Craig I. Adler, Esquire**
Andrew R. Eisemann, Esquire***
Glenn A. Parno, Esquire**
Bruce G. Baron, Esquire
Brandon S. Williams, Esquire
Nicholas J. Luciano, Esquire
Joseph J. Gentile, Esquire****
Garrett Rothman, Esquire, of Counsel
Timothy Ziegler, Sr. Reimb. Analyst
Karen L. Fisher, Paralegal
Linda Gussler, Paralegal
Kelly A. Birdsall, Paralegal
*(Licensed in PA, NJ and MD)
**(Licensed in PA and NJ)
***(Licensed in PA and NY)
****(Licensed in PA, NJ and CA)

# Capozzi Adler, P.C.
### Attorneys at Law



**Primary Office:**
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
www.capozziadler.com

**Mid-Penn Abstract Company**
355 N. 21st Street, Suite 205
Camp Hill, PA 17011
Telephone: (717) 234-3289
Facsimile: (717) 234-1670

December 11, 2017

***Via Overnight Delivery***
Becky Plasha, NA Benefits Manager
Dollar Financial Group Retirement Plan
c/o Dollar Financial Group, Inc.
74 East Swedesford Road
Malvern, PA 19355

  Re: Request for Additional 401(K) Plan Document
     Our Matter No. 641-17

Dear Ms. Plasha :

  Thank you for your prompt response to our original request for copies of the 401(K) plan documents pertaining to our client, Alan Gochin.

  With this correspondence, we request the following additional documents:
    408B-2 Documents
    Current Statement of Assets of the Plan
    A list of Tickler symbols for the specific funds in which the plan invests
    The Dollar Amount invested in each specific fund; and
    Minutes of meetings between the Plan Administrator and any/all other persons discussing investments and the status of any such meeting

  Copies of all documents responsive to the request should be sent to the following address:

    c/o Capozzi Adler, PC
    2933 North Front Street
    Harrisburg, PA 17110-1250

  Should have any questions regarding this request or need any additional information to process same, please do not hesitate to contact me.

                Sincerely,

                Glenn A. Parno, Esquire



EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN GOCHIN, | : |
| Plaintiff, | : |
| vs. | : Civil Action at Law and Equity |
| | : No. |
| DOLLAR FINANCIAL GROUP RETIREMENT PLAN and, | : |
| DOLLAR FINANCIAL GROUP, INC. | : |
| Defendant. | : |

## CERTIFICATION OF COMPLIANCE

    I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Capozzi Adler, P.C.

Signature: _____

Name: Donald R. Reavey, Esquire

Attorney No. (if applicable): 82498